Robert T. PATTON, Jr., Plaintiff,

v.

FEDERAL BUREAU OF
INVESTIGATION, et al.,
Defendants.

No. 84–0481 Civil.

United States District Court,
M.D. Pennsylvania.

Feb. 26, 1985.

Arthur L. Piccone and Ronald V. Santora, Hourigan, Kluger, Spohrer & Quinn, Wilkes-Barre, Pa., for plaintiff.

Mary C. Spearing, Asst. U.S. Atty., Harrisburg, Pa., Barbara L. Gordon and Anthony W. Norwood, Dept. of Justice, Civil Div., Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Plaintiff, Robert T. Patton, Jr., after having been rejected for employment by the Federal Bureau of Investigation (FBI), on July 2, 1982, requested access to the file maintained by the FBI concerning his application. On November 24, 1982, the FBI released eighty-one pages of material in response to plaintiff's request but withheld approximately ten pages contending they were exempt from release under the provisions of the Freedom of Information Act (FOIA), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. Plaintiff filed this action on April 9, 1984, alleging that he was entitled to the information under FOIA and the Privacy Act and asked the court to order such disclosure. On October 9, 1984, the defendants filed a motion for summary judgment, together with a personal public affidavit of James S. Tatman, in which he set forth the basis for nondisclosure based upon his review of the records. Subsequently, defendants filed three *In Camera* Declarations in support of their motion. The court has carefully reviewed the public documents, the *In Camera* Declarations, as well as the documents withheld from plaintiff, and will grant the defense Motion for Summary Judgment.

Defendants identify seven full pages and portions of three other pages of plaintiff's file that involve confidential source material for which exemption is sought under Section (k)(5) of the Privacy Act and Sections (7)(C) and (D) of FOIA. Exemption is also claimed for three and one-half (3½) pages of testing or examination material and related information allegedly exempt under Section (k)(6) of the Privacy Act and Section (b)(2) of FOIA. Finally, three lines of one document have been deleted as third-party information which may not be released under the Privacy Act without the consent of the third party and is exempt under Sections (6) and (7)(C) of FOIA because such release would constitute an unwarranted invasion of personal privacy. Defendants concede that the recently enacted Central Intelligence Information Act, Pub.L. No. 98–477, 98 Stat. 2209, (1984) amended the Privacy Act so that no agency can withhold from an individual any record to which he is entitled under FOIA. Consequently, defendants cannot withhold any information from plaintiff unless there is an applicable exemption provision in each statute.

## DISCUSSION

### A. Confidentiality

Section (k)(5) of the Privacy Act exempts disclosure of material which would reveal the identity of a source who was expressly promised that his identity would be held in confidence.[1] Similarly, Sections (7)(C) and (D) of FOIA exempt records where disclosure would constitute an unwarranted invasion of personal privacy or reveal the identity of a confidential source.[2] An examination of the *In Camera* Declarations persuades me that the requirements of both statutes have been satisfied. Confidentiality has been specifically requested by the sources of the seven full pages

---

[1] 5 U.S.C. § 552a(k)(5) exempts investigatory material compiled solely for the purpose of determining Federal civilian employment eligibility "... but only to the extent that the disclosure of such material would reveal the identity of a source who furnished information to the Government under an express promise that the identity of the source would be held in confidence...."

[2] 5 U.S.C. § 552(b)(7) exempts investigatory records compiled for law enforcement purposes to the extent that such records would "(C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source...." In the broad sense, the investigation in this case was for law enforcement purposes.

previously described in this memorandum. The notations on parts of the three remaining pages for which confidentiality is sought make reference to the seven full pages in such a manner that the sources of those pages could be identified by reference to the notations. It is obvious that the background, nature and circumstances surrounding the making of the notations is such that an express promise of confidentiality would be necessary before the comments would be made. Accordingly, the exemption requirements of (k)(5) of the Privacy Act were satisfied. Moreover, the deletions were appropriate under either the balancing analysis of (7)(C) or the specific language of (7)(D) of FOIA. In arriving at this result, while the Public Tatman declaration was helpful, it was the *In Camera* submissions which convinced me that nondisclosure was appropriate under both statutes.

### B. Testing Material

5 U.S.C. § 552a(k)(6), the Privacy Act, specifically exempts from disclosure

"(6) testing or examination material used solely to determine individual qualifications for appointment or promotion in the Federal service the disclosure of which would compromise the objectivity or fairness of the testing or examination process."

Additionally, 5 U.S.C. § 552(b)(2) of FOIA states that the Act does not apply to matters that are

"(2) related solely to the internal personnel rules and practices of any agency;"

■ The testing material involved herein clearly satisfies the requirements of the Privacy Act. It implicates the applicant evaluation system and public notice of the details of the criteria utilized would give future applicants an unfair advantage and would impair the usefulness and value of the system. While there is commentary in

the withheld material, it can be considered as a part and extension of the criteria and its release would reveal how the criteria is applied. Under these circumstances, it fits comfortably within the (k)(6) requirements.

■ The (b)(2) FOIA exemption is broader than that contained in the Privacy Act but it appears to encompass within its proscription the type of testing data utilized here. The rationale supporting the legitimacy of nondisclosure under the Privacy Act would be equally applicable under FOIA. Internal personnel rules and practices of the FBI would be seriously undermined if all the factors that go into internal evaluation of interviewees for sensitive Special Agent positions became available to every future applicant.

### C. Third-Party Information

■ The third-party information consists of three half lines of material and, to my mind, constitutes an insignificant item. This view is apparently shared by plaintiff's counsel as it is not addressed in his brief. In any event, defendants are not willing to disclose it voluntarily and it appears that their position finds support in the applicable statutes. Nondisclosure of this information is in keeping with the statutory purpose of protecting third parties enunciated in 5 U.S.C. § 552a(b) and also under the specific personal privacy provisions, 5 U.S.C. § 552(b)(6) and (7)(C). The information involved is such that its disclosure would not shed any light on the suitability determination by the FBI and, therefore, would be of no meaningful interest to plaintiff or the public. Under the circumstances, the privacy interests of the individuals involved warrant protection and will be respected.

The statutory contentions discussed above and those advanced in the *In Camera* declarations [3] justify the granting of defendants' motion for summary judgment.

---

**3.** The court believes it would be self-defeating to recount the additional statutory arguments advanced in the *In Camera* papers because it would unnecessarily complicate the result reached and may require discussion that would reveal the sources the government seeks to protect. The court will merely state that other sections of both statutes separately support the government's contentions and the court's conclusions.

**448**

However, after reviewing all the disputed documents, the court believes that, in fairness, plaintiff is entitled to know that the withheld documents do not address acts or attitudes that reflect adversely on moral turpitude or patriotism, or concern criminal activities. The documents involve only the determination by the FBI that plaintiff was not a suitable candidate for employment by that agency. They would not reflect a blanket disapproval of him for governmental employment in some other capacity. Nonetheless, the applicable statutes justify the government's position and an order will be entered granting defendants' motion.