POST-NEWSWEEK STATIONS, MICHIGAN, INC v CITY OF
DETROIT

Docket No. 102107. Submitted December 20, 1988, at Detroit. Decided
August 9, 1989.

Post-Newsweek Stations, Michigan, Inc., owner and operator of
television station WDIV, brought an action under the Freedom
of Information Act in Wayne Circuit Court against the City of
Detroit and the Detroit Police Department. Plaintiff sought
production of a report prepared by the Detroit Police Depart-
ment Board of Review regarding an incident in which two
police officers were fatally shot by other police officers during a
drug raid. The court, Claudia H. Morcom, J., after conducting
an in camera review of unredacted and redacted versions of the
report and a statement of the various FOIA exemptions serving
as the bases for redaction, issued an order approving the
redaction and directing defendants to turn over to plaintiff the
redacted version of the report and the statement of exemptions.
Plaintiff appealed.

The Court of Appeals held:

A trial court, in analyzing claims of exemption under the
FOIA, must (1) receive a complete particularized justification for
denial of disclosure, or (2) conduct a hearing in camera based
on de novo review to determine whether complete particular-
ized justification exists, or (3) allow counsel for the party
seeking disclosure to have access to the contested materials in
camera under special agreement. Here, the trial court's order
was not supported by findings of fact as to why defendants'
claimed exemptions are applicable. On remand, the trial court
shall follow one of the three steps described above.

Order vacated and case remanded for further proceedings.

1. RECORDS — FREEDOM OF INFORMATION ACT — EXEMPTIONS — LAW
ENFORCEMENT PROCEEDINGS.

In analyzing a claim of exemption from disclosure under the

REFERENCES

Am Jur 2d, Records and Recording Laws §§ 12 et seq.

What are "records" of agency which must be made available under
state freedom of information act. 27 ALR4th 680.

Validity, construction, and application of statutory provisions relat-
ing to public access to police records. 82 ALR3d 19.

Freedom of Information Act for interference with law enforcement proceedings, the burden of proof is on the party claiming exemption; the exemption must be interpreted narrowly; the agency from which information is requested must separate exempt and nonexempt material and make the nonexempt material available for examination and copying and supply detailed affidavits describing the matters withheld; the justification of nondisclosure must indicate factually how a particular document or class of documents interferes with law enforcement proceedings; the mere showing of a direct relationship between the records sought and an investigation is inadequate (MCL 15.240[1], 15.244[1]; MSA 4.1801[10][1], 4.1801[14][1]).

2. RECORDS — FREEDOM OF INFORMATION ACT — EXEMPTIONS — JUDICIAL REVIEW.

A trial court, in analyzing claims of exemption under the Freedom of Information Act, must (1) receive a complete particularized justification for denial of disclosure, or (2) conduct a hearing in camera based on de novo review to determine whether complete particularized justification exists, or (3) allow counsel for the party seeking disclosure to have access to the contested materials in camera under special agreement.

*Kasiborski, Ronayne & Flaska, P.C.* (by *John J. Ronayne, III,* and *Kim R. Kolb*), for plaintiff.

*Donald Pailen,* Corporation Counsel, *Brenda Braceful,* Supervising Assistant Counsel, and *Mary Rose Prost, Reginald Glenn Dozier* and *Jacqueline S. DeYoung,* Assistant Counsel, for defendants.

Before: MACKENZIE, P.J., and CYNAR and M. E. KOBZA,* JJ.

PER CURIAM. Plaintiff, which owns and operates Detroit television station WDIV, brought this action under the Michigan Freedom of Information Act, MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.* Plaintiff sought production of a report prepared by the Detroit Police Department Board of Review regarding a February 5, 1986, incident in which

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Detroit police officers Giacomo Buffa and Mark Radden were fatally shot by two other police officers during a drug raid. Plaintiff appeals as of right from a circuit court order which (1) approved defendants' redactions to the report as redactions of information exempt from disclosure under the FOIA, and (2) ordered defendants to turn over to plaintiff the redacted version of the report, along with a statement of the redactions. The trial court also denied plaintiff's motion to compel production of an unredacted copy of the report. The narrow issue in this case is whether the trial court's decision, that the redacted information was exempt under the FOIA, was in contravention of principles set forth by our Supreme Court in *The Evening News Ass'n v City of Troy,* 417 Mich 481; 339 NW2d 421 (1983). We conclude that the court's decision does not comport with the standards set forth in *Evening News.*

I

The board of review report at issue was completed on December 15, 1986. Prior to its release, several FOIA requests, including those of plaintiff and the estate of Officer Buffa, were denied by defendants as premature. Buffa's estate commenced an FOIA action against defendants on October 10, 1986. Apparently to collaterally estop claims by other FOIA requestors, defendants petitioned the court in the Buffa case to review redacted and unredacted versions of the report and confirm that the redacted material was exempt from disclosure under the FOIA. The court agreed to review the documents. It appears that plaintiff was aware of both defendants' motion in the Buffa case and the court's decision to examine the documents.

The following February, defendants submitted to the court in the Buffa case redacted and unredacted versions of the board of review report for an in camera review, apparently along with a statement of the FOIA exemptions defendants claimed would allow the deletions. On March 11, 1987, the court in the Buffa case called a conference and directed Buffa's estate and defendants to go over the redacted and unredacted versions of the report and return to the court with a list of disputed deletions. Defendants subsequently gave Buffa's estate their statement of redactions and exemptions claimed, but did not turn over either a redacted or unredacted copy of the report. When defendants also refused to give plaintiff either the redacted or unredacted version, plaintiff commenced the instant FOIA action, which was consolidated with the Buffa case. Apparently plaintiff and Buffa's estate then filed a motion to show cause why defendants should not be ordered to turn over the redacted and unredacted versions of the report.

A show-cause hearing was held on May 22, 1987, at the conclusion of which the trial court ordered defendants to give plaintiff and Buffa's estate a copy of the redacted version of the board of review report. The court also indicated that it accepted the FOIA exemptions on which defendants relied when editing the report. Plaintiff then filed a motion for production of the deleted material. Viewing the motion as one for rehearing of her May 22 ruling, the trial judge denied the motion. By order dated June 29, 1987, the court ruled:

> Pursuant to defendant's earlier brought Motion for protection, and that upon this Court's In Camera Review of the edited and unedited versions of the defendant's Board of Review Report submitted

to this court, this Court approves of defendant's discretionary privilege under the Freedom of Information Act at MCLA 15.231 et seq.

II

In *Evening New Ass'n, supra,* the Supreme Court held that in an FOIA action the burden of proving the propriety of nondisclosure is on the public body asserting that the requested material falls within the FOIA exemptions. In order to meet this burden, the public body should provide a complete particularized justification for the claimed exemptions. The *Evening News* Court also held that a trial court may not make conclusory or "generic determinations" when deciding whether the claimed exemptions are justified. Instead, before determining that the defendant sustained its claim of exemption, the court must specifically find that the particular sections of the public record requested by the plaintiff would for particular reasons fall within the claimed exemptions. See 417 Mich 505. In order to meet the particularization requirements, the following rules should be used in analyzing a claim of exemption from disclosure under the FOIA:

1. The burden of proof is on the party claiming exemption from disclosure. MCL 15.240(1); MSA 4.1801(10)(1).

2. Exemptions must be interpreted narrowly. *Vaughn v Rosen,* 157 US App DC 340, 343; 484 F2d 820 (1973).

3. "[T]he public body shall separate the exempt and nonexempt material and make the nonexempt material available for examination and copying." MCL 15.244(1); MSA 4.1801(14)(1); *Vaughn v Rosen,* 157 US App DC 345.

4. "[D]etailed affidavits describing the matters

withheld" must be supplied by the agency. *Ray v Turner,* 190 US App DC 290, 317; 587 F2d 1187 (1978).

5. Justification of exemption must be more than "conclusory", i.e., simple repetition of statutory language. A bill of particulars is in order. Justification must indicate factually how a particular document, or category of documents, interferes with law enforcement proceedings. *Campbell v Dep't of Health & Human Services,* 221 US App DC 1, 4-6, 10-11; 682 F2d 256 (1982); *Vaughn v Rosen,* 157 US App DC 347.

6. The mere showing of a direct relationship between records sought and an investigation is inadequate. *Campbell v Dep't of Health & Human Services,* 221 US App DC 8-9 [682 F2d 256 (1982)]. [417 Mich 503.]

## III

In this case, the trial court's order of June 29, 1987, clearly falls short of the standards set forth in *Evening News.* There are no particular reasons given why the claimed exemptions were appropriate. The order is wholly conclusory. Accordingly, we vacate the June 29, 1987, order and remand for particularized findings of fact as to why defendants' claimed exemptions are justified.

## IV

Plaintiff contends that defendants' statement of redactions did not provide particularized justifications for the exemptions claimed, as required by *Evening News.* Plaintiff has not provided this Court with a copy of the statement of redactions, however. We are thus unable to review the question. See *Nye v Gable, Nelson & Murphy,* 169 Mich App 411; 425 NW2d 797 (1988).

v

We briefly address the procedure to be employed by the parties and the trial court on remand. All proceedings should be governed by the three-step procedure for determining whether a particularized justification for exemption exists, as set forth in *Evenings News*:

> 1. The court should receive a complete particularized justification as set forth in the six rules above (Part IC); or
>
> 2. the court should conduct a hearing *in camera* based on *de novo* review to determine whether complete particularized justification pursuant to the six rules exists, *Vaughn v Rosen, supra,* pp 346-348; *Ray v Turner, supra,* p 311; or
>
> 3. the court can consider "allowing plaintiff's counsel to have access to the contested documents *in camera* under special agreement 'whenever possible.' " *Ray v Turner, supra,* p 308, fn 24, and p 315. [417 Mich 516.]

Normally, a trial court should not proceed to the second step of conducting an in camera review if the defendant's statement of redactions can adequately provide de novo review. *Ingle v Dep't of Justice,* 698 F2d 259 (CA 6, 1983). In this case, however, given that in camera review was originally requested by defendants, the trial court may, in its discretion on remand, opt to proceed directly to the second *Evening News* step. A third-step in camera inspection of an unredacted version of the board of review report should be strictly limited. See *Arieff v United States Dep't of Navy,* 229 US App DC 430; 712 F2d 1462 (1983). Regardless of the *Evening News* step the trial court ultimately decides to employ, the court must determine whether defendants have met their burden of

proving the claimed exemptions and give particularized findings of fact as to why the claimed exemptions are appropriate.

One final observation is in order. Plaintiff's appellate brief seems to suggest that if an FOIA defendant or a trial court fails to provide particularized justifications for claimed exemptions, the "remedy" for an FOIA plaintiff is an entitlement to review the deleted material under *Evening News* step three. We reject any such suggestion. The *Evening News* three-step procedure is intended to aid in judicial resolution of FOIA claims; it is not a hierarchy of "penalties" for nondisclosure.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.