HYSON v DEPARTMENT OF CORRECTIONS

Docket No. 155579. Submitted October 12, 1993, at Marquette. Decided February 10, 1994; approved for publication May 18, 1994, at 9:10 A.M.

Douglas H. Hyson, an inmate in the custody of the Department of Corrections, brought an action in the Chippewa Circuit Court, alleging that the department violated the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*, when it refused the plaintiff's FOIA request for memos and statements made by confidential informants in a prison disciplinary proceeding against the plaintiff. The trial court, Nicholas J. Lambros, J., granted summary disposition for the defendant and denied the plaintiff's request for attorney fees and punitive damages. The plaintiff appealed, alleging that the court erred in holding that the documents were exempt from disclosure.

The Court of Appeals *held*:

1. Sufficient evidence was presented from which the trial court could determine that the documents were exempt from disclosure under MCL 15.243; MSA 4.1801(13). Although the plaintiff claimed that he was not seeking the identities of the confidential informants, who are also prison inmates, the records could not be disclosed without revealing the identities. Justification for nondisclosure existed under MCL 15.243(1)(b)(iv); MSA 4.1801(13)(1))(b)(iv) because, even if the names of the informants were deleted, the contents of their statements would reveal their identities.

2. Because the informants' safety would be jeopardized and the defendant's ability to maintain physical security at the prison would be prejudiced if the identities of the confidential informants were revealed, nondisclosure was also justified under MCL 15.243(1)(c); MSA 4.1801(13)(1)(c).

Affirmed.

Douglas H. Hyson, in propria persona.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Susan B. Moody,* Assistant Attorney General, for the defendant.

Before: SAWYER, P.J., and GRIFFIN and R. M. PAJTAS,* JJ.

PER CURIAM. Plaintiff appeals as of right from a circuit court order that granted summary disposition to defendant and dismissed plaintiff's complaint alleging a violation of the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.* We affirm.

Plaintiff is an inmate in the custody of the Michigan Department of Corrections and is confined in the Kinross Correctional Facility in Kincheloe, Michigan. On April 14, 1992, defendant received plaintiff's FOIA request for memos and statements made by confidential informants in a prison disciplinary proceeding against him. Plaintiff emphasized in his request that he was not seeking the names of the informants, but only their statements. On April 16, 1992, defendant denied plaintiff's request, indicating that the requested information was exempt from disclosure because it constituted an unwarranted invasion of personal privacy.

On May 12, 1992, plaintiff filed the instant action, seeking disclosure of the documents, attorney fees, and punitive damages. Defendant moved for summary disposition pursuant to MCR 2.116(C) (10), and attached the affidavit of David Cason, its FOIA coordinator at the Kinross facility. Cason averred that (1) the record sought consisted of statements by confidential witnesses and contained purely confidential information, (2) the content of the report and handwriting would reveal the identity even if the name of the source was deleted, (3) disclosure would constitute an unwarranted invasion of the informants' personal privacy, and (4)

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

disclosure would present a risk to the informants' safety as well as to the security of the prison.

The trial court granted defendant's motion, finding that the documents were exempt from disclosure. The court also denied plaintiff's request for attorney fees and punitive damages. Plaintiff argues that the trial court erred in holding that the documents were exempt from disclosure. We disagree.

Under the FOIA, a public body must disclose all public records that are not specifically exempt under the act. MCL 15.233(1); MSA 4.1801(3)(1); *Yarbrough v Dep't of Corrections,* 199 Mich App 180, 183; 501 NW2d 207 (1993). MCL 15.243; MSA 4.1801(13) lists several instances in which public records may be exempt from disclosure. These exemptions are to be narrowly construed and the burden of proof is on the public body claiming exemption from disclosure. *Booth Newspapers, Inc v Univ of Michigan Bd of Regents,* 444 Mich 211, 232; 507 NW2d 422 (1993); *Yarbrough, supra,* p 184. In order the meet this burden, the public body should provide a complete, particularized justification for the claimed exemptions, rather than simply repeating the statutory language. *Evening News Ass'n v City of Troy,* 417 Mich 481; 339 NW2d 421 (1983); *Post-Newsweek Stations v Detroit,* 179 Mich App 331, 335; 445 NW2d 529 (1989).

The trial court must determine by review de novo whether disclosure should be compelled. MCL 15.240(1); MSA 4.1801(10)(1). If the public body's statement cannot adequately support review de novo, a trial court should conduct an in camera review of the requested documents. *Post-Newsweek, supra,* p 337.

Defendant based its refusal to disclose the docu-

ments on three exemptions contained in MCL 15.243; MSA 4.1801(13):

> (1) A public body may exempt from disclosure as a public record under this act:
>
> * * *
>
> (b) Investigating records compiled for law enforcement purposes, but only to the extent that disclosure as a public record would do any of the following:
>
> * * *
>
> (iii) Constitute an unwarranted invasion of personal privacy.
> (iv) Disclose the identity of a confidential source, or if the record is compiled by a criminal law enforcement agency in the course of a criminal investigation, disclose confidential information furnished only by a confidential source.
>
> * * *
>
> (c) A public record which if disclosed would prejudice a public body's ability to maintain the physical security of custodial or penal institutions occupied by persons arrested or convicted of a crime or admitted because of a mental disability, unless the public interest in disclosure under this act outweighs the public interest in nondisclosure.

In holding that defendant had established that the documents were exempted, the trial court stated:

> The requested records contain statements made by confidential witnesses relating to a major misconduct charged against plaintiff. Obviously, these witnesses, who are inmates, gave statements only because they understood that their testimony would be held confidential. That, alone, is a plausible reason not to reveal their testimony. Further, to disclose such information would jeopardize the personal safety of the informant within the insti-

tution. Prisoners having access to confidential statements made by other prisoners against their interests would place the informant in reasonable fear of being harmed. In addition, disclosure of such information would jeopardize the security of the institution. Apart from the general concerns by staff for security within the institution, staff would have to be alerted to each and every situation where confidential statements have been disclosed concerning prison conduct in order to be prepared to avoid conflict between the prisoners so involved.

We find that the affidavit of David Cason provided sufficient facts from which the trial court could determine that the documents were exempt from disclosure under MCL 15.243; MSA 4.1801(13). Although plaintiff claimed he was not seeking the identities of the confidential informants, the records could not be disclosed without revealing the identities. Cason averred that even if the name was deleted, the content of the statements contained information that would reveal the identity of the writer. Consequently, justification for nondisclosure existed under MCL 15.243(1)(b)(iv); MSA 4.1801(13)(1)(b)(iv).

Moreover, the confidential informants were prison inmates who gave statements regarding plaintiff's misconduct in prison. We agree with the trial court that the informants' safety would be jeopardized and the prison's ability to maintain physical security would be prejudiced if the identities were revealed. Thus, nondisclosure of the statements was also justified under MCL 15.243(1)(c); MSA 4.1801(13)(1)(c). Accordingly, summary disposition was appropriate.

Affirmed.