SCHROEDER v CITY OF DETROIT

Docket No. 192413. Submitted January 7, 1997, at Lansing. Decided February 4, 1997, at 9:10 A M.

David A. Schroeder brought an action in the Wayne Circuit Court against the City of Detroit, seeking the disclosure under the Freedom of Information Act, MCL 15.231 et seq.; MSA 4.1801(1) et seq., of a psychological evaluation whose results were the basis for the rejection of the plaintiff's application for employment as a Detroit police officer. The court, Paul S. Teranes, J., granted summary disposition for the defendant, ruling that the psychological evaluation was exempt from disclosure under § 13(1)(e) of the FOIA, MCL 15.243(1)(e); MSA 4.1801(13)(1)(e). The plaintiff appealed.

The Court of Appeals held:

Section 13(1)(e) exempts from disclosure test questions and answers, scoring keys, and other examination instruments or data used to administer a license, public employment, or academic examination, unless the public interest in disclosure outweighs the public interest in nondisclosure. In this case, the asserted public interest in disclosure—investigating the fairness of test administration—is not outweighed by the public interest in nondisclosure—ensuring the integrity of the hiring process by preventing future applicants from undermining the evaluation by trying to fit a certain psychological profile.

Affirmed.

RECORDS — FREEDOM OF INFORMATION ACT — EXEMPTIONS — PUBLIC EMPLOYMENT TESTS — POLICE OFFICERS — PSYCHOLOGICAL EVALUATIONS.

A preemployment psychological evaluation of an applicant for employment as a police officer is exempt from disclosure under the Freedom of Information Act as an instrument used to administer a public employment examination (MCL 15.243[1][e]; MSA 4.1801[13][1][e]).

*Colista, Adams & Palmer, P.C.* (by *Robert W. Palmer* and *Elizabeth L. Sokol*), for the plaintiff.

*Jacqueline S. DeYoung* and *John J. O'Neill,* for the defendant.

Before: MARKMAN, P.J., and O'CONNELL and D. J. KELLY*, JJ.

PER CURIAM. Plaintiff appeals as of right an order of dismissal in this action under the Michigan Freedom of Information Act (FOIA), MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.* We affirm.

Plaintiff applied for employment with defendant's police department. Defendant informed him that his application was terminated for failure to qualify with respect to the psychological component of the selection process. Plaintiff requested a copy of his psychological evaluation under the FOIA. Defendant denied the request pursuant to exemptions set forth in the FOIA, and plaintiff filed the present action. The trial court dismissed his action on the basis that the information requested was exempt from disclosure under the FOIA.

The FOIA declares that it is the public policy of this state to provide information regarding the affairs of government so that the people "may fully participate in the democratic process." MCL 15.231(2); MSA 4.1801(1)(2). It requires public bodies to disclose public records that are not specifically exempt under the act. MCL 15.233(1); MSA 4.1801(3)(1); *Hyson v Dep't of Corrections,* 205 Mich App 422, 424; 521 NW2d 841 (1994). When a requesting party files a circuit court action, the court is to determine, de novo, whether disclosure should be compelled. MCL 15.240(1); MSA 4.1801(10)(1). The burden is on the public body to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sustain its denial of disclosure. *Id.* Whether requested information fits within an exemption from disclosure under the FOIA is a mixed question of fact and law. This Court reviews a trial court's factual determinations for clear error. MCR 2.613(C). We review questions of law de novo. *Oakland Hills Development Corp v Lueders Drainage Dist*, 212 Mich App 284, 294; 537 NW2d 258 (1995).

MCL 15.243(1)(l); MSA 4.1801(13)(1)(l) states that a public body may exempt from disclosure as a public record:

> Test questions and answers, scoring keys, and other examination instruments or data used to administer a license, public employment, or academic examination, unless the public interest in disclosure under this act outweighs the public interest in nondisclosure.

By its terms, § 13(1)(l) generally exempts "examination instruments" from disclosure under the FOIA but carves out an exception from this exemption when "the public interest in disclosure under this act outweighs the public interest in nondisclosure."

The psychological evaluation at issue was one of the criteria used by defendant to determine applicants' fitness for police officer positions. As such, it is an "examination instrument" used to administer a public employment examination. Therefore, the issue here is whether a "public interest in disclosure [under the FOIA] outweighs the public interest in nondisclosure." In a July 21, 1995, response to plaintiff's request, defendant articulated the public interest in nondisclosure as follows:

> [T]he public interest is high in protecting the future integrity of public employment examinations. Disclosure of the

actual rating sheets used to evaluate Mr. Schroeder would indeed provide future applicants with a roadmap to the test.

Defendant argues that protecting the integrity of a public agency's employment evaluation processes ensures that the best candidates are chosen. Defendant maintains that safeguarding its ability to identify and hire the best candidates is of particular concern to the public in the case of law enforcement positions.

Plaintiff, on the other hand, contends that the public interest in disclosing the psychological evaluation is to allow investigation into whether the assessment was administered fairly. He claims that defendant's psychological evaluation of him is suspect because plaintiff's subsequent application with the Wayne County Sheriff's Department was successful.

While we find no published Michigan cases interpreting § 13(1)(l), authority from other jurisdictions describing interests affected by disclosure of evaluations used in hiring is relevant.[1] In *Patton v Federal Bureau of Investigation*, 626 F Supp 445 (MD Pa, 1985), aff'd 782 F2d 1030 (CA 3, 1986), the FBI refused to release portions of a rejected applicant's application file to him. The district court held that the materials were exempt from disclosure under an examination exemption to the federal FOIA. It stated at 447 that the requested material "implicates the applicant evaluation system and public notice of the details of the criteria utilized would give future applicants an

---

[1] We recognize that the cases cited involved statutes that differ from the FOIA exemption; for instance, balancing of interests is not required under each of these statutes. Nevertheless, we find the cases instructive with respect to their identification of interests implicated by disclosure of evaluations used in public hiring decisions.

unfair advantage and would impair the usefulness and value of the system." *Roulette v Dep't of Central Management Services,* 141 Ill App 3d 394; 95 Ill Dec 587; 490 NE2d 60 (1986), involved the defendant's refusal to provide copies of a psychological evaluation used in the application process for a police officer position to an unsuccessful applicant. The court held, at 397-398:

> [R]elease of the results of a psychological examination could undermine the effectiveness of defendant's hiring process. . . .
>
> [F]uture applicants might be able to discern which pattern of responses indicates a certain psychological profile. . . .
>
> Even if an applicant failed to guess correctly what responses were appropriate, the purpose of defendant's testing program would be frustrated because the psychologist would be unable to elicit candid and spontaneous responses from the applicant.

These articulations of a strong public interest in nondisclosure of such public employment application documents apply equally here. If the public were to have access to the psychological evaluation sought here, the integrity of the hiring process would be compromised because prospective employees would be able to tailor their responses to the tests on the basis of such information. Plaintiff's interest in disclosure of the evaluation appears to be an essentially private interest, one indistinguishable from the private interest of any rejected applicant in knowing the basis of his rejection. However, plaintiff articulates a public interest: investigating the fairness of test

administration.[2] But this interest does not necessarily require disclosure of defendant's psychological evaluation of plaintiff. For example, we note that defendant provided plaintiff with a detailed explanation of the results of the psychological evaluation in its July 21, 1995, letter. We believe that this explanation was sufficient to apprise plaintiff of defendant's reasons for denying him employment and to determine the reasonableness of defendant's administration of the evaluation. Nor does the fact that another law enforcement agency hired plaintiff implicate defendant's administration of the evaluation because the two agencies may utilize different hiring criteria or may simply differ in their exercise of judgment. For these reasons, we conclude that the plaintiff has failed to demonstrate a public interest in disclosure of the requested information that outweighs the strong public interest in nondisclosure thereof. The trial court appropriately so found and properly held the requested information exempt from FOIA disclosure under § 13(1)(l). This determination makes it unnecessary for us to address the applicability of other FOIA exemptions.

Affirmed.

---

[2] Defendant contends that § 13(1)(l)'s language—"public interest under this act"—severely limits the specific types of "public interest[s]" in disclosure that must be balanced with the public interest in nondisclosure. However, in light of the FOIA's broad purpose, informing people "so that they may fully participate in the democratic process," MCL 15.231(2); MSA 4.1801(1)(2), we do not believe that the "under this Act" language is particularly limiting. Specifically, we find that investigation into the administration of tests used in public hiring decisions qualifies as a "public interest" under the FOIA.