645 N.W.2d 71 (2002)
250 Mich. App. 164
DETROIT FREE PRESS, INC., Plaintiff-Appellant,
v.
CITY OF WARREN, Defendant-Appellee.
Docket No. 231010.
Court of Appeals of Michigan.
Submitted September 12, 2001, at Detroit.
Decided February 26, 2002, at 9:10 a.m.
Released for Publication May 31, 2002.
*73 Hongiman Miller Schwartz and Cohn, (by Herschel P. Fink and Cameron J. Evans), Detroit, for the plaintiff.
George G. Constance, City Attorney, and Annette Gattari Ross, Assistant City Attorney, for the defendant.
Before: K.F. KELLY, P.J., and HOOD and ZAHRA, JJ.
*72 ZAHRA, J.
Plaintiff appeals as of right from an order granting summary disposition to defendant in this case involving the Michigan Freedom of Information Act (FOIA), M.C.L. § 15.231 et seq. We reverse and remand.

I. Facts
Plaintiff made an FOIA request to defendant, requesting inspection of bills, invoices, and related records of legal services paid for by defendant for city officials and employees who had been called before a federal grand jury or had met with agents of the Federal Bureau of Investigation (FBI). Defendant provided copies of these records, but redacted the names of the city officials and employees. Because defendant refused to disclose the names of the public officials and employees, plaintiff filed a complaint for declaratory and injunctive relief and a motion for summary disposition, arguing that the FOIA mandated disclosure of the names. The trial court denied plaintiff's motion and granted summary disposition to defendant under MCR 2.116(I)(2), ruling that the requested information was exempt from disclosure under the FOIA.

II. Analysis
We review de novo a trial court's decision on a motion for summary disposition. Van v. Zahorik, 460 Mich. 320, 326, 597 N.W.2d 15 (1999). "The trial court properly grants summary disposition to the opposing party under MCR 2.116(I)(2) if the court determines that the opposing party, rather than the moving party, is entitled to judgment as a matter of law." Washburn v. Michailoff, 240 Mich.App. 669, 672, 613 N.W.2d 405 (2000). Whether a public record is exempt from disclosure under the FOIA is a mixed question of fact and law, and we review the trial court's factual findings for clear error and review questions of law de novo. Messenger v. Consumer & Industry Services, 238 Mich.App. 524, 530-531, 606 N.W.2d 38 (1999).
The FOIA requires full disclosure of public records, unless those records are exempted under the act. Bradley v. Saranac Community Schools Bd. of Ed., 455 Mich. 285, 293, 565 N.W.2d 650 (1997). The burden of proving need for an exemption rests on the public body asserting its application. Id. To meet this burden, the public body claiming an exemption should provide complete particularized justification, rather than simply repeat statutory language. Hyson v. Dep't of Corrections, 205 Mich.App. 422, 424, 521 N.W.2d 841 (1994).
Defendant claims to be exempt under the FOIA's privacy exemption, M.C.L. § 15.243(1)(a), which states:

*74 (1) A public body may exempt from disclosure as a public record under this act:
(a) Information of a personal nature where the public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy.
For information to be exempted under the FOIA's privacy exemption, two factors must be established: the information sought must be of a "personal nature," a determination that requires consideration of the customs, mores, or ordinary views of the community, and the disclosure of such information must constitute a clearly unwarranted invasion of privacy. Herald Co. v. Bay City, 228 Mich.App. 268, 288-289, 577 N.W.2d 696 (1998), rev'd in part on other grounds 463 Mich. 111, 614 N.W.2d 873 (2000); see also Bradley, supra at 294, 565 N.W.2d 650. Information is of a "personal nature," if it reveals intimate or embarrassing details of an individual's private life, as evaluated in terms of the customs, mores, or ordinary views of the community. Herald Co, supra, 463 Mich. at 123-124, 614 N.W.2d 873. Information not of a personal nature is subject to disclosure without considering the second prong of the privacy exemption. Bradley, supra at 295, 565 N.W.2d 650.
In analyzing the first prong, consideration must be given not merely to the question whether the identifying information is of a personal nature. Rather, the inquiry must be broader, and must consider whether any information disclosed in association with identity is of a personal nature. For example, our Supreme Court determined that personnel documents of public school teachers and principals, which contained performance appraisals, disciplinary actions, and complaints relating to these employees' accomplishments in their public jobs, did not contain information of embarrassing, intimate, private, or confidential nature and, thus, were not personal in nature and exempt from disclosure under the privacy exemption of the FOIA. Bradley, supra at 294-295, 565 N.W.2d 650. However, in Mager v. Dep't of State Police, 460 Mich. 134, 143, 146-147, 595 N.W.2d 142 (1999), the Court determined that information concerning gun ownership was information of a personal nature and, thus, a listing of registered gun owners was exempt from disclosure. See also Detroit Free Press, Inc. v. Dep't of State Police, 243 Mich.App. 218, 225-227, 622 N.W.2d 313 (2000) (where information concerning public officials' applications for licensing to carry concealed weapons was likewise classified as information of a personal nature).
In this case, the question is whether the names of defendant's officials and employees redacted from the documentation provided to plaintiff constitutes information of a personal nature given the fact that these names are associated with information concerning grand jury proceedings. Under Michigan's FOIA, citizens are entitled to obtain information regarding the manner in which public employees are fulfilling their public responsibilities. See Mager, supra at 142-143, 595 N.W.2d 142. Here, the names sought were those of elected officials and city employees for whom defendant, a public body, had paid attorney fees in connection with their grand jury appearances or FBI interviews. This fact strongly suggests that the names and associated information constitutes information concerning matters of legitimate public concern, rather than information of a personal nature.
Relying on this rational and reasonable assumption, plaintiff contends that the connection between the unidentified individuals and the grand jury probe relates only to these individuals' public duties, and alleges *75 that the grand jury investigation concerns possible corruption in defendant's city government. Defendant, meanwhile, argues that despite plaintiff's allegation, because of the secrecy surrounding such matters, no one can truly know the subject matter of the grand jury proceedings and, thus, there is no way to determine whether the individuals are involved because of their public employment status. While there may exist some question with respect to the full context of the investigation until the time any and all indictments are issued, the burden of demonstrating applicability of an exemption under the FOIA is squarely on defendant. See Bradley, supra at 293, 565 N.W.2d 650. We conclude that defendant has utterly failed to satisfy this burden.
Defendant relies on the mere claim that the secrecy of grand jury proceedings leaves room only for conjecture with respect to the subject matter of the investigation. Presenting no proofs indicating that the investigation involves the conduct of its various officials and employees in their private lives, or, at minimum, an affidavit asserting that the inherent secrecy has wholly prevented it from gaining even basic information from its employees concerning the investigation's context, defendant instead argues that the individuals connected to the investigation through disclosure of their names will become the subject of rumors and innuendo. On appeal, defendant recites one anecdotal example of a retired city employee who was not home when FBI agents showed up to speak with him. Defendant asserts that this individual was distraught over what his neighbors may have thought about the FBI seeking to question him. Contrary to defendant's argument, however, we are not persuaded that this deleterious effect associated with the identification of a person connected to the investigation rises to the level of revealing intimate or embarrassing details of the individual's private life. We conclude that given defendant's limited argument and lack of proofs, the trial court clearly erred in finding that the information was of a personal nature.[1] Therefore, the court erred in determining that the privacy exemption is applicable.
We further conclude that the trial court erred in ruling that the information plaintiff requested is exempt from disclosure pursuant to M.C.L. § 15.243(1)(d), which provides an exemption for "[r]ecords or information specifically described and exempted from disclosure by statute." Defendant asserts that F. R. Crim. P. 6(e) is a "statute" barring disclosure in the instant case. We disagree. The Legislature is presumed to have intended the meaning it plainly expressed. Nation v. W D E Electric Co., 454 Mich. 489, 494, 563 N.W.2d 233 (1997). Given that M.C.L. § 15.243(1)(d) plainly includes only statutes, and not rules of procedure, F R Crim P 6(e) cannot serve as a basis for exemption in this case. See Mager, supra at 143, 595 N.W.2d 142 (recognizing that the FOIA is a prodisclosure statute with narrowly construed exemptions); see also M.C.L. § 15.243(1)(h) (specifically exempting information subject to privileges recognized "by statute or court rule)." (Emphasis added.)[2]

*76 III. Conclusion
In sum, defendant failed to carry its burden of demonstrating that production of the information sought was exempt under the FOIA. Therefore, we reverse and remand for entry of judgment in favor of plaintiff. We do not retain jurisdiction.
Reversed and remanded.
HOOD, J., concurred.
K.F. KELLY, P.J., (dissenting).
I respectfully dissent. Contrary to the conclusion reached by the majority, I would conclude that the information plaintiff sought was of a personal nature, the disclosure of which would result in an unjustifiable invasion of privacy. I would thus uphold the trial court's decision granting defendant summary disposition.

I. The FOIA in General
The policy of this state provides that all persons except prisoners are entitled to complete information regarding the affairs of state government and the official acts of those who represent them as public officials and public employees so that they may fully participate in the democratic process. MCL 15.231(2); Mager v. Dep't of State Police, 460 Mich. 134, 146, n. 22, 595 N.W.2d 142 (1999); Schroeder v. Detroit, 221 Mich.App. 364, 365, 561 N.W.2d 497 (1997). Under the Freedom of Information Act (FOIA), M.C.L. § 15.231 et seq., a public body must disclose all public records that are not specifically exempt under the act. MCL 15.233(1); Schroeder, supra at 365, 561 N.W.2d 497. The exemptions are to be narrowly construed, and the burden of proving their applicability rests with the public body. Booth Newspapers, Inc. v. Univ. of Mich. Bd. of Regents, 444 Mich. 211, 232, 507 N.W.2d 422 (1993).

II. Applicability of the Privacy Exemption
The privacy exemption at issue here is M.C.L. § 15.243(1)(a), which states "[a] public body may exempt from disclosure as a public record under [the FOIA] ... [i]nformation of a personal nature where the public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy." Our Supreme Court has interpreted this exemption to encompass two specific elements: first, the information must be of a personal nature and, second, the disclosure of the information must constitute a clearly unwarranted invasion of an individual's privacy. Mager, supra at 141, 595 N.W.2d 142, citing Bradley v. Saranac Bd. of Ed., 455 Mich. 285, 294, 565 N.W.2d 650 (1997).

A. Information of a Personal Nature
Information is of a personal nature if it reveals "`intimate or embarrassing details of an individual's private life.'" Mager, supra at 143, 595 N.W.2d 142, quoting Bradley, supra at 294, 565 N.W.2d 650. Whether a detail is intimate or embarrassing *77 is evaluated in terms of the customs, mores, or ordinary views of the community. Mager, supra at 142, 595 N.W.2d 142; Bradley, supra at 294, 565 N.W.2d 650. If the information sought does not satisfy this threshold inquiry, the information should be disclosed. See id. at 295, 565 N.W.2d 650. If, however, the information is of a personal nature, it must still satisfy the second element to be exempt. Id.
In my estimation, the information plaintiff sought was indeed information of a personal nature. First, there is no question that being called before a grand jury or questioned by the FBI is an intimate or embarrassing detail of a person's life. It suggests the possibility of involvement in or knowledge of criminal activities. Individuals called before a grand jury or questioned by the FBI could easily be subjected to public ridicule or at least unfavorable speculation and rumors as a result of their experiences. Accordingly, I believe that the information herein sought involved intimate or embarrassing details of people's lives.
The more difficult question is whether the information concerned intimate or embarrassing details of people's private lives. Under Michigan's FOIA, citizens are entitled to obtain information regarding the manner in which public employees are fulfilling their public responsibilities. See Mager, supra at 142-143, 595 N.W.2d 142. The names sought here were names of public officials and employees for whom defendant, a public body, had paid attorney fees in connection with their grand jury appearances or FBI interviews. At first blush, therefore, it might seem as though the information sought did not in fact concern individuals' private lives but instead concerned matters of legitimate public concern.
Upon careful consideration, however, and because of the secret and criminal nature of the federal investigation, I cannot simply conclude that the information plaintiff sought related to the manner in which public officials and employees were fulfilling their public responsibilities. Id. First, I accept at face value plaintiff's statement in its appellate brief that none of the individuals whose names plaintiff sought were "targets" of the federal investigation. Accordingly, the individuals, by testifying before the grand jury or meeting with the FBI, apparently provided information not about their own criminal activities but rather about the criminal activities of others. A state official or employee providing information to federal law enforcement investigators about possible criminal activity by others, even if that criminal activity occurred in the individual's public workplace or involved government corruption,[1] cannot be said to involve the manner in which the official or employee is fulfilling the official's or employee's own public responsibilities. Instead of fulfilling the responsibilities of the official's or employee's public, state job, such an individual is instead aiding federal law enforcement investigators in their quest to bring criminals to justice.
For purposes of applying the Michigan FOIA, this assistance should be deemed part of the individual's private life and not part of the individual's public employment. In my view, merely because defendant provided legal counsel to the officials and employees in the course of their aiding the federal investigators does not transform the information sought by plaintiff into a matter relating to the individuals' discharge *78 of their public functions. Moreover, although not solely dispositive of the issue, I do believe it significant that the nature of the federal probe is unknown at this point; while plaintiff contends that the probe involves possible corruption in government, this contention is not verifiable from the record currently available before this Court. The probe could relate to possible criminal activities occurring in people's private lives. In sum, I would hold that the information sought here was of a personal nature for purposes of the Michigan FOIA because it would reveal "intimate or embarrassing details of an individual's private life." Mager, supra at 143, 595 N.W.2d 142; Bradley, supra at 294, 565 N.W.2d 650.

B. Clearly Unwarranted Invasion of Privacy
The next inquiry is whether disclosure of the requested information would constitute a clearly unwarranted invasion of privacy. Mager, supra at 141, 595 N.W.2d 142; Bradley, supra at 294, 565 N.W.2d 650. Disclosure constitutes a clearly unwarranted invasion of privacy if the interest the Legislature intended to protect with an exemption to the FOIA outweighs the public interest in disclosure. Mager, supra at 144-146, 595 N.W.2d 142. Adopting the test outlined in United States Dep't of Defense v. Federal Labor Relations Authority, 510 U.S. 487, 114 S.Ct. 1006, 127 L.Ed.2d 325 (1994), the Mager Court stated that "the only relevant public interest in disclosure to be weighed ... is the extent to which disclosure would serve the core purpose of the FOIA, which is contributing significantly to public understanding of the operations or activities of the government." Mager, supra at 145, 595 N.W.2d 142, quoting United States Dep't of Defense, supra at 495, 114 S.Ct. 1006 (emphasis in original).
In the instant case, if the individuals who met with the FBI or testified before the grand jury do in fact have information regarding possible corruption in government, then advising plaintiff and allowing plaintiff to meet with these individuals would indeed further the public's understanding of governmental activities. However, I do not believe that the public's interest in immediately learning about this possible corruption outweighs the current privacy interests of the individuals whose names plaintiff seeks. If the federal authorities are investigating possible criminal corruption in government, and if they do discover such corruption, the public will find out about the corruption at the time the authorities complete their investigation and issue criminal indictments. Moreover, plaintiff already has access to the redacted billing records of the attorneys who represented the individuals in question. Finally, the nature of the federal probe is not known at this point.
Disclosure under the FOIA of the names of public employees and officials involved in a grand jury investigation, when the investigation could involve people's private lives, would be contrary to the policy of the FOIA. Disclosure of the names of these individuals might cause harassment and public embarrassment, while the relationship between the requested information and the operations of the government are unclear, save for plaintiff's allegation that defendant paid for the individuals' lawyers. There is simply no clear indication that releasing the names of the individuals would significantly aid the public in understanding the workings of the government. Accordingly, in light of the unknown nature of the federal probe, the general secrecy surrounding grand jury proceedings, the potential embarrassment to the individuals whose names plaintiff seeks, the fact that plaintiff already has access to billing records detailing the general nature *79 of the services performed by the attorneys, and the fact that the public will indeed eventually learn about any substantiated corruption in government (if it occurred), I would find that disclosure of the requested information would constitute a clearly unwarranted invasion of privacy.[2] Correspondingly, I would hold that the trial court did not err in granting defendant's motion for summary disposition.
NOTES
[1] Moreover, even assuming the subject of the grand jury investigation relates to employees' personal conduct, the investigation is of public concern because defendant utilized public funds to provide legal counsel for allegedly private matters.
[2] Moreover, nothing in F R Crim P 6(e) bars the disclosure of the names of the public employees and officials in this case. F R Crim P 6(e)(2) states:

General rule of secrecy. A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court.
Plaintiff is requesting the information from defendant, who paid for the city officials' and employees' attorneys. Plaintiff did not request information from any person bound to secrecy under F R Crim P 6(e)(2). Because neither grand jury witnesses, witnesses' attorneys, witnesses' employers, nor the people who paid for the witnesses' attorneys are bound to secrecy under F R Crim P 6(e), defendant is not bound to secrecy in regard to the grand jury proceedings. Defendant is free to disclose witnesses' names or other information from the grand jury proceedings.
[1] The nature of the federal probe is unknown at this point. Although plaintiff contends that the probe involves possible corruption in government, this contention is not verifiable from the record before us.
[2] Plaintiff spends considerable time in its appellate brief arguing that whether the release of the requested information in this case would constitute a clearly unwarranted invasion of privacy should be determined by looking to common-law invasion of privacy principles. However, the absence of a cause of action for invasion of privacy is not dispositive under an FOIA analysis. Larry S Baker, PC v. Westland, 245 Mich.App. 90, 100-101, 627 N.W.2d 27 (2001).