**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:        Justices:
Clifford W. Taylor    Michael F. Cavanagh
                      Elizabeth A. Weaver
                      Marilyn Kelly
                      Maura D. Corrigan
                      Robert P. Young, Jr.
                      Stephen J. Markman

FILED JULY 16, 2008

STATE NEWS,

     Plaintiff-Appellee,

v                                                No. 133682

MICHIGAN STATE UNIVERSITY,

     Defendant-Appellant.

_____

BEFORE THE ENTIRE BENCH

YOUNG, J.

     This case involves the applicability of the Freedom of Information Act (FOIA) privacy and law-enforcement-purposes exemptions to a police incident report. Following a notorious assault of several Michigan State University students in a dormitory room, plaintiff State News made a FOIA request that defendant Michigan State University disclose the report. Michigan State resisted this request, claiming that the FOIA privacy and law-enforcement-purposes exemptions permitted it to withhold the requested report. Litigation between the parties ensued, and the Court of Appeals eventually held that the circuit court had erred in determining that the entire report could be withheld. In its decision

remanding the case to the circuit court, the Court of Appeals observed that the "subsequent availability of information as a result of later court proceedings in the criminal justice system may well strengthen or weaken the arguments of the parties to a FOIA dispute regarding the applicability" of the exemptions at issue and instructed the circuit court to consider the effect of that availability.[1]

We conclude that this instruction from the Court of Appeals was erroneous and hold that unless the exemption asserted provides otherwise, the applicability of a FOIA exemption is measured when the public body asserts the exemption. The passage of time and the course of events after the assertion of a FOIA exception do not affect whether a public record was initially exempt from disclosure.

Accordingly, we reverse the judgment of the Court of Appeals in part and remand this case to the circuit court, in accordance with the remainder of the Court of Appeals judgment that ordered an in camera inspection of the police incident report for the circuit court to decide what information is exempt from disclosure and to make particularized findings to support its conclusion, as well as to separate, if possible, the exempt material from the nonexempt material.

---

[1] *State News v Michigan State Univ*, 274 Mich App 558, 566-567, 583; 735 NW2d (2007).

2

FACTS AND PROCEDURAL HISTORY

On March 2, 2006, State News submitted a FOIA request to Michigan State seeking disclosure of a police incident report that detailed an incident at Hubbard Hall, a student dormitory at Michigan State, on February 23, 2006. Three male assailants, one of whom was a Michigan State student, allegedly entered a dorm room, threatened three victims with a gun, and poured gasoline on one of the individuals while threatening to light him on fire. The three men were later arraigned on charges of home invasion, felonious assault, and possessing a firearm during the commission of a felony. In a story published several days later, the *State News* reported the names of the three men.

Michigan State denied the FOIA request, citing the privacy exemption[2] and subsections 1(b)(*i*) to (*iii*) of the law-enforcement-purposes exemption.[3] State News appealed administratively, and in a letter replying to State News, Michigan State University President Lou Anna K. Simon affirmed the original determination to deny the FOIA request. State News then filed a complaint in the circuit court, accompanied by a motion to show cause why Michigan State should not disclose the report and a motion for summary disposition.[4] The circuit court ordered a

---

[2] MCL 15.243(1)(a).

[3] MCL 15.243(1)(b)(*i*), (*ii*), and (*iii*).

[4] State News initially filed suit in Oakland County, but the Oakland Circuit Court granted Michigan State's motion to transfer venue to Ingham County. State News refiled its complaint in the Ingham Circuit Court.

show cause hearing. Michigan State, in its response, attached affidavits from its FOIA officer, the Michigan State University Chief of Police, and the Ingham County Chief Assistant Prosecuting Attorney to support its decision to withhold the report. The affidavits stated that the police incident report contained "incident report persons sheets,"[5] "narrative incident reports,"[6] physical evidence documents,[7] inmate profiles and booking photographs, and other information about the suspects.

At the show cause hearing, the circuit court heard arguments from the parties and ruled from the bench in favor of Michigan State, concluding that the report in its entirety was exempt under both the privacy exemption and subsections 1(b)(*i*) to (*iii*) of the law-enforcement-purposes exemption. However, the court did not inspect the police incident report in camera before it reached its decision. With respect to the privacy exemption, the court found that some of the information sought, such as names, addresses, birthdates, driver's license numbers, and criminal histories of the accused, victims, and witnesses, was information "of

---

[5] According to the affidavits, these documents contained "personally identifiable information about the victims, witnesses, responding police officers, and defendants (such as name, address, sex, race, weight, height, date of birth, driver's license number, student number, criminal history, and other personal and sensitive information)."

[6] According to the affidavits, these reports consisted of "statements from the responding officers, witnesses, victims, defendants, and a third party."

[7] According to the affidavits, these documents consisted of "photographs of evidence, property sheets, property inventory form[s], crime scene photographs, laboratory evidence documents, and advice of rights forms."

a personal nature" and that its disclosure would not further the core purpose of FOIA of shedding light on the workings of government. Thus, according to the circuit court, disclosure of this information would constitute a clearly unwarranted invasion of privacy.

Turning to the law-enforcement-purposes exemption, the court concluded that the analysis for the privacy exemption also applied to subsection 1(b)(*iii*) of that exemption, which protects against disclosure of investigating records that would constitute an unwarranted invasion of personal privacy. With respect to subsections 1(b)(*i*) and (*ii*) of the law-enforcement-purposes exemption, the court found that Michigan State had made a particularized showing that disclosure of the report would interfere with law-enforcement proceedings or deprive a person of a fair trial. The court relied on affidavits from the police chief and the chief assistant prosecuting attorney stating that the potential existed for retaliation against witnesses and victims, tainting of the jury pool, and tainting of witnesses' testimony if the report was disclosed to the public. The circuit court dismissed State News's complaint with prejudice.

State News appealed, and the Court of Appeals, in a published opinion per curiam, remanded this case to the circuit court for further proceedings.[8] The panel identified several errors committed by the circuit court. It first addressed the circuit court's handling of the law-enforcement-purposes exemption. Citing

---

[8] *State News*, 274 Mich App at 582-583.

*Evening News Ass'n v City of Troy*,[9] the Court of Appeals held that with respect to subsections 1(b)(*i*) and (*ii*), the circuit court had failed to offer particularized reasons to justify its conclusion that the entire police incident report was exempt from disclosure. With respect to subsection 1(b)(*iii*), the panel, relying on *United States Dep't of Justice v Reporters Comm for Freedom of the Press*,[10] suggested the possibility that the names or addresses of the suspects or other information identifying them in the police incident report *might* be exemptible.

The panel then addressed the circuit court's handling of the privacy exemption. It followed the two-part test for the privacy exemption developed by this Court in *Bradley v Saranac Community Schools Bd of Ed*,[11] and *Mager v Dep't of State Police*.[12] Concerning the first prong of the test, the panel stated that, "as a hypothetical matter," the names and addresses of the victims, witnesses, and suspects and other information identifying them could constitute information "of a personal nature," but that the passage of time and the course of events might have rendered some, if not all, of this information matters of public knowledge

---

[9] 417 Mich 481; 339 NW2d 421 (1983).

[10] 489 US 749; 109 S Ct 1468; 103 L Ed 2d 774 (1989).

[11] 455 Mich 285; 565 NW2d 650 (1997). This Court recently slightly modified the *Bradley* test. See *Michigan Federation of Teachers v Univ of Michigan*, ___ Mich ___; ___ NW2d ___ (Docket No. 133819, decided July 16, 2008).

[12] 460 Mich 134; 595 NW2d 142 (1999).

6

and therefore not of a personal nature.[13]  Concerning the second prong, which requires that the disclosure would create a clearly unwarranted invasion of an individual's privacy, the panel tentatively concluded that Michigan State had failed to demonstrate that the release of the police incident report would shed no light on its conduct as a public body.  However, it declined to reach a firm conclusion with respect to the second prong because the panel could not review the report, which was not part of the circuit court record.

Next, the Court of Appeals, again citing *Evening News*, held that on remand the circuit court should review the requested information in camera.  In addition, the panel held that the exempt and nonexempt material should be separated to the extent practicable, with the nonexempt material made available to State News.[14]

Michigan State sought leave to appeal in this Court.  We granted leave to appeal on a limited basis and denied leave in all other respects.[15]

STANDARD OF REVIEW

This Court reviews de novo as a question of law issues of statutory interpretation.[16]  We give effect to the Legislature's intent as expressed in the

---

[13] *State News*, 274 Mich App at 578.

[14] These aspects of the Court of Appeals judgment were not included in this Court's limited order granting leave to appeal.

[15] 480 Mich 902 (2007).

[16] *Herald Co, Inc v Eastern Michigan Univ Bd of Regents*, 475 Mich 463, 471-472; 719 NW2d 19 (2006).

7

language of the statute by interpreting the words, phrases, and clauses according to their plain meaning.[17]

### THE EFFECT OF THE PASSAGE OF TIME

We granted leave to appeal,

"limited to the issue whether the Court of Appeals erred in instructing [the circuit court], on remand, regarding the "personal nature" of public records covered by the Freedom of Information Act privacy exemption[18] or the law enforcement purposes privacy exemption,[19] including whether the "personal nature" of such

---

[17] *Bukowski v Detroit*, 478 Mich 268, 273-274; 732 NW2d 75 (2007).

[18] The privacy exemption, MCL 15.243(1)(a), provides:

(1) A public body may exempt from disclosure as a public record under this act any of the following:

(a) Information of a personal nature if public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy.

[19] The law-enforcement-purposes exemption, MCL 15.243(1)(b), provides, in pertinent part:

(1) A public body may exempt from disclosure as a public record under this act any of the following:

* * *

(b) Investigating records compiled for law enforcement purposes, but only to the extent that disclosure as a public record would do any of the following:

(*i*) Interfere with law enforcement proceedings.

(*ii*) Deprive a person of the right to a fair trial or impartial administrative adjudication.

(continued…)

8

records may be affected by the contemporaneous or later public status of some or all of the information.[20]

We are not determining in this appeal whether the police incident report ultimately is exempt from disclosure.[21]

The Court of Appeals made the following observation about the effect of the passage of time on the FOIA exemptions in this case:

_____

(…continued)

    (*iii*)  Constitute an unwarranted invasion of personal privacy.

[20] 480 Mich 902 (2007) (citations omitted).

[21] Recently, in *Michigan Federation of Teachers,* ___ Mich at ___, slip op at 2, we modified the definition of "information of a personal nature" in the privacy exemption to include "information of an embarrassing, intimate, private, or confidential nature."  Thus, *Bradley* as modified by *Michigan Federation of Teachers* now governs the privacy exemption.  On remand, then, the modified definition set forth in *Michigan Federation of Teachers* must guide the circuit court's application of the privacy exemption.

In *Michigan Federation of Teachers*, we also addressed whether information can be "of a personal nature" and whether an individual retains a privacy interest in that information if it might be found elsewhere in the public domain at the time of the FOIA request.  We held that "[t]he disclosure of information of a personal nature into the public sphere in certain instances does not automatically remove the protection of the privacy exemption and subject it to disclosure in every other circumstance."  *Id*. at ___, slip op at 24.  *Michigan Federation of Teachers* quoted with approval the United States Supreme Court's observation that "'[a]n individual's interest in controlling the dissemination of information regarding personal matters does not dissolve simply because that information may be available to the public in some form.'"  *Id*. at ___, slip op at 24, quoting *United States Dep't of Defense v Fed Labor Relations Auth*, 510 US 487, 500; 114 S Ct 1006; 127 L Ed 2d 325 (1994).  As with the modified *Bradley* definition, these holdings must guide the circuit court on remand when it applies the privacy exemption and the law-enforcement-purposes exemption to the facts of this case.

9

We note at the outset that the passage of time may have affected aspects of this appeal and that, while we can make some observations based on the record, there are other aspects about which we can only speculate. We know from the record that before it made its FOIA request to MSU, State News had already identified the three men arrested at Hubbard Hall. Thus, at least the names of these men and some identifying information about them were in the public domain. We know from the record that when President Simon issued her April 6, 2006, denial, these men had already been arraigned on charges of home invasion, felonious assault, and felony-firearm. Further information about these men might therefore have been in the public domain at that time, but the record before us does not disclose what that information might be. We also know from the record that when the trial court issued its June 8, 2006, decision, one of these men had been scheduled for trial and the preliminary examinations for the remaining two were scheduled for the next day. From the record before us, however, we do not know whether trials have now been held or, if so, what the results of those trials may have been and what information might have entered into the public domain during the course of later proceedings.

Rather obviously, public bodies and trial courts can only make decisions on FOIA matters on the basis of the information that is before them at the time, and it is not the function of appellate courts to second-guess those decisions on the basis of information that later becomes available. Here, because we do not have the any information about what may have transpired after the trial court's June 8 decision, we could not engage in such second-guessing in any event. We do observe, however, that the subsequent availability of information as a result of later court proceedings in the criminal justice system may well strengthen or weaken the arguments of the parties to a FOIA dispute regarding the applicability of the privacy exemption and the law-enforcement-purpose exemption.

As a practical matter, we suspect that this subsequent information, of which the trial court can take judicial notice on remand under appropriate procedures, will weaken MSU's position and strengthen State News's position. But, ironically, the newsworthiness of the information contained in the police incident report may also have decreased over time. However, FOIA is not concerned with newsworthiness. Rather, it is concerned with

requiring the disclosure of nonexempt public records so as to ensure accountability.[22]

The panel reiterated this observation when it discussed the first prong of the privacy exemption and noted that "the passage of time and the course of events may have rendered some, if not all, of this information matters of public knowledge and therefore not of a personal nature."[23]

We agree with the Court of Appeals statement that "public bodies and trial courts can only make decisions on FOIA matters on the basis of the information that is before them at the time, and it is not the function of appellate courts to second-guess those decisions on the basis of information that later becomes available." We disagree, however, with the panel's further, contrary musings that the passage of time and subsequent events could negate the applicability of a FOIA exemption. Rather, we hold that unless the FOIA exemption provides otherwise,[24] the appropriate time to measure whether a public record is exempt under a particular FOIA exemption is the time when the public body asserts the exemption.

---

[22] *State News*, 274 Mich App at 565-567 (citation omitted).

[23] *Id*. at 578.

[24] Certain FOIA exemptions contain explicit time limitations on their applicability. See, e.g., MCL 15.243(1)(e), (i), (j), (p), and (x). However, we note that the applicability of even those FOIA exemptions would be measured at the time the public body invoked the exemption to deny the FOIA request.

11

The denial of a FOIA request occurs at a definite point in time. The public body relies on the information available to it at that time to make a legal judgment whether the requested public record is fully or partially exempt from disclosure. The determinative legal question for a judicial body reviewing the denial is whether the public body erred because the FOIA exemption applied *when it denied the request*. Subsequent developments are irrelevant to that FOIA inquiry.[25] There is no indication from the text of either the privacy or the law-enforcement-purposes exemption or from another, independent FOIA provision that the public body's assertion of a FOIA exemption may be reexamined by the circuit court or an appellate court while taking into consideration information not available to the public body when it denied the request.

Further, the procedures in FOIA for submitting a FOIA request, reviewing the FOIA request, and appealing that review suggest that the timing of the public body's response to the FOIA request is crucial to deciding whether the requested record is exempt. FOIA requires the public body to respond to a FOIA request within 5 business days, with a possible extension of not more than 10 business

---

[25] Of course, release of the requested public record by the public body would render the FOIA appeal moot because there would no longer be a controversy requiring judicial resolution. See *Federated Publications, Inc v City of Lansing*, 467 Mich 98; 649 NW2d 383 (2002). Mootness is not at issue in this case, however.

12

days.[26]  There is no language in that provision or elsewhere in FOIA that requires a public body to continue to monitor FOIA requests once they have been denied.[27] FOIA does not prevent a party that unsuccessfully requested a public record from submitting another FOIA request for that public record if it believes that, because of changed circumstances, the record can no longer be withheld from disclosure.

## CONCLUSION

We reverse the judgment of the Court of Appeals in part and hold that events that occur after a public body's denial of a FOIA request are not relevant to the judicial review of the decision.  Thus, in this case, the passage of time and course of events have no bearing on whether Michigan State properly denied State News's FOIA request under the privacy exemption and the law-enforcement-

---

[26] MCL 15.235(2)(d).

[27] MCL 15.233(1) grants a person the right to subscribe to future issuances of public records that are created, issued, or disseminated on a regular basis.  This provision, however, is inapposite in this case for the obvious reason that a police incident report is a single public record that would not be created, issued, or disseminated on a regular basis.  Moreover, that provision does not necessarily entitle the requesting party to the full contents of those public records.

purpose exemption. Accordingly, we remand this case to the circuit court for further proceedings consistent with this decision.[28]

Robert P. Young, Jr.
Clifford W. Taylor
Michael F. Cavanagh
Marilyn Kelly
Maura D. Corrigan
Stephen J. Markman

---

[28] On remand, the parties and the circuit court should take cognizance of the special protection afforded to crime victims by our constitution and legislative enactments, particularly those provisions that exempt certain information about victims from disclosure under FOIA. See Const 1963, art 1, § 24; 1985 PA 87 the Crime Victim's Rights Act, MCL 780.751 *et seq*. For instance, § 8 of the Crime Victim's Rights Act provides that certain information about the victim is exempt from disclosure under FOIA, such as the home address, home telephone number, work address, and work telephone number unless the address is used to identify the place of the crime, and any picture, photograph, drawing, or other visual representation of the victim, including any film, videotape, or digitally stored image. MCL 780.758 (3)(a) and (b). See also MCL 780.769(2), 780.769a(3), 780.771(4), 780.788(2), 780.798(5), 780.818(2), 780.830. As the circuit court reconsiders on remand whether the police incident report is exempt from disclosure in whole or in part, and whether any exempt material is separable from the nonexempt material, it must respect the Legislature's determination that certain information about crime victims is exempt from disclosure.

STATE OF MICHIGAN

SUPREME COURT

STATE NEWS,

Plaintiff-Appellee,

v                                                                No. 133682

MICHIGAN STATE UNIVERSITY,

Defendant-Appellant.

_____

WEAVER, J.  (*concurring*).

I concur in the decision reached by the majority, but write separately to stress the two points I consider most important with respect to a request for documents pursuant to the Freedom of Information Act (FOIA).[1]

First, I agree that the appropriate time to measure if a public record is exempt under a particular FOIA exemption is when the public body asserts the exemption.  Second, while I agree that "[t]here is no language in [MCL 15.245(2)(d)] or elsewhere in FOIA that requires a public body to monitor FOIA requests once they have been denied," *ante* at 13, it is important to note that "FOIA does not prevent a party that unsuccessfully requested a public record from submitting another FOIA request for that public record if it believes that, because

_____

[1] MCL 15.231 *et seq.*

of *changed circumstances*, the record can no longer be withheld from disclosure," *ante* at 13-14 (emphasis added).[2]

Elizabeth A. Weaver

---

[2] Moreover, to my understanding, when a party resubmits a FOIA request because of "changed circumstances," it may very well be that those "changed circumstances" occurred over time. It is not the "passage of time" that is critical, but the "changed circumstances." For example, a document containing information that had formerly been private, but subsequently became public, may no longer be exempt under FOIA.