# STATE OF MICHIGAN

# COURT OF APPEALS

MARCUS AARON WHITTAKER,

Plaintiff-Appellant,

UNPUBLISHED
November 15, 2016

v

No. 329545
Oakland Circuit Court
LC No. 2015-145553-CZ

OAKLAND COUNTY SHERIFF,

Defendant-Appellee.

Before: JANSEN, P.J., and MURPHY and RIORDAN, JJ.

PER CURIAM.

In this action under the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(10). We affirm.

On July 27, 2014, plaintiff was pulled over on suspicion that plaintiff was operating his vehicle while under the influence of alcohol. On August 20, 2014, plaintiff submitted a FOIA request for all reports, audiotapes, videotapes, laboratory information, and other information arising out of the events of July 27, 2014. On that same day, the 50th District Court issued a warrant and complaint against plaintiff with regard to the incident. Two days later, defendant denied plaintiff's FOIA request, stating, "This incident is open pending investigation or court action and therefore exempt pursuant to statute MCL 15.243(1)(b)(i)." Eventually, plaintiff pleaded guilty to the charge of operating while intoxicated and was sentenced on December 4, 2014.

Then, in February 2015, plaintiff filed the instant suit, alleging that defendant had violated FOIA by denying plaintiff's initial FOIA request. While the lawsuit was pending, defendant contacted plaintiff via letter, explaining that the exemption that rendered the requested records exempt from FOIA had expired when plaintiff's criminal case concluded, and therefore,

-1-

defendant would comply with a resubmitted FOIA request. By July 2015, defendant had disclosed all requested records to plaintiff.[1]

After complying with the FOIA request, defendant filed a motion for summary disposition of plaintiff's claims. Defendant argued that its original denial of the FOIA request was proper because plaintiff had a pending criminal case against him and that the issue was moot because defendant had already complied with the request. Plaintiff responded that, even if the issue of disclosure was moot, he was still entitled to attorney fees, costs, and punitive damages because defendant's original denial of the FOIA request was wrongful and thereby made it necessary for plaintiff to file the instant suit. Defendant countered by arguing that plaintiff could have simply resubmitted a FOIA claim after the exemption had expired and defendant would have complied, meaning that the present litigation was not required to gain disclosure. The trial court heard the arguments, and, on September 11, 2015, issued a written order and opinion granting summary disposition in favor of defendant because defendant's initial denial was lawful and the full disclosure by defendant had rendered the issue moot. The court also concluded that punitive damages were improper because there was no court order, and the court adopted defendant's reasoning that fees and costs were improper because the lawsuit was not reasonably necessary for disclosure.

On appeal, plaintiff first argues that the trial court improperly determined that defendant's initial denial of the FOIA request was lawful, and that because of this error, summary disposition was not warranted. We disagree because the issue is moot. "As a general rule, an appellate court will not decide moot issues." *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998). "An issue is deemed moot when an event occurs that renders it impossible for a reviewing court to grant relief." *Id*. "[R]elease of the requested public record by the public body would render the FOIA appeal moot because there would no longer be a controversy requiring judicial resolution." *State News v Mich State Univ*, 481 Mich 692, 704 n 25; 753 NW2d 20 (2008). The record is clear that defendant complied with plaintiff's FOIA request before the trial court reached its decision, and plaintiff does not contend on appeal that defendant failed to supply him with the requested information. This rendered the case moot because the remedy of disclosure is no longer available. See *id*. As such, we do not decide the issue. See *B P 7*, 231 Mich App at 359.

We are still left with the issue of attorney fees, costs, and punitive damages, however, because "[t]he mere fact that plaintiff's substantive claim under the FOIA was rendered moot by disclosure of the records after plaintiff commenced the circuit court action is not determinative of plaintiff's entitlement to fees and costs under MCL 15.240(6)." *Thomas v New Baltimore*, 254 Mich App 196, 202; 657 NW2d 530 (2002). When considering "discretionary determinations in FOIA cases" the proper standard of review is for an abuse of discretion. *Herald Co, Inc v Eastern Mich Univ Bd of Regents*, 475 Mich 463, 472; 719 NW2d 19 (2006). As such, this

---

[1] We note that, while arguing before the trial court, plaintiff's attorney alleged that defendant had failed to disclose the in-car audio and video recordings from July 27, 2014, but this allegation is not included on appeal, nor was it ever supported by any substantive evidence.

Court cannot "disturb the trial court's decision unless it falls outside the principled range of outcomes." *Id*.

"MCL 15.240(6) allows a plaintiff to recover 'reasonable attorneys' fees, costs, and disbursements' in the event 'a person asserting the right to . . . receive a copy of all or a portion of a public record prevails' in a FOIA action." *Amberg v Dearborn*, 497 Mich 28, 33-34; 859 NW2d 674 (2014). "If the person or public body prevails in part, the court may, in its discretion, award all or an appropriate portion of reasonable attorneys' fees, costs, and disbursements." MCL 15.240(6). "To 'prevail' in a FOIA action within the meaning of MCL 15.240(6), a court must conclude that 'the action was reasonably necessary to compel the disclosure [of public records], and [that] the action had a substantial causative effect on the delivery of the information to the plaintiff.' " *Amberg*, 497 Mich at 34 (alterations in original), quoting *Scharret v City of Berkley*, 249 Mich App 405, 414; 642 NW2d 685 (2002).

Plaintiff argues that his suit was "reasonably necessary" to compel disclosure. We disagree. The facts of this case are undisputed. Plaintiff submitted a FOIA request to defendant on August 20, 2014. Defendant denied that request on August 22, 2014. In that denial, defendant specifically informed plaintiff that the reason for the denial was plaintiff's pending criminal case. Plaintiff was later arraigned, pleaded guilty, and was sentenced in the criminal case, with his sentencing occurring on December 4, 2014. Plaintiff then filed the present suit in February 2015, and defendant complied with the FOIA request as of July 2015, noting that the exemption had expired when plaintiff's criminal case was resolved.

Therefore, we consider whether the instant action was reasonably necessary to compel disclosure. We conclude that it was not reasonably necessary. Plaintiff had reason to know that the exemption relied upon by defendant had expired, or in other words, that the circumstances surrounding the FOIA request had changed, resulting in the exemption no longer being applicable. The Michigan Supreme Court has held that "FOIA does not prevent a party that unsuccessfully requested a public record from submitting another FOIA request for that public record if it believes that, because of changed circumstances, the record can no longer be withheld from disclosure." *State News*, 481 Mich at 704-705. More importantly, the Michigan Supreme Court also held that "[t]here is no language in that provision or elsewhere in FOIA that requires a public body to continue to monitor FOIA requests once they have been denied." *Id*. at 704.

Therefore, once defendant denied the original FOIA request, it no longer maintained any legal responsibility to continue to monitor that request. Plaintiff was plainly aware of the reason that his FOIA request was denied because defendant's denial stated plainly that it only denied the request because of the pending criminal action. Once defendant submitted that denial, it was not required to later inform plaintiff that the exemption had expired and that plaintiff could resubmit the FOIA request, nor was it required to respond to the FOIA request immediately upon expiration of the exemption. The burden was on plaintiff to realize that the circumstances surrounding the exemption had changed, rendering the exemption expired, and then resubmit a FOIA request. Because plaintiff plainly had a different option to obtain disclosure at the time he filed the present suit—simply resubmitting the FOIA request—the instant lawsuit was clearly not reasonably necessary to compel production of the documents, and therefore, the trial court properly declined to grant attorney fees and costs to plaintiff.

Plaintiff also claims that the trial court should have granted punitive damages in his favor. While plaintiff is correct that punitive damages are permitted under certain circumstances pursuant to MCL 15.240(7), this Court is bound by the decision in *Local Area Watch v Grand Rapids*, 262 Mich App 136, 153; 683 NW2d 745 (2004), in which this Court held that a case for punitive damages required a court ordered disclosure. Specifically, this Court stated that "because the trial court here did not order disclosure, plaintiff's argument for punitive damages fails." *Id*. The record here is undisputed and quite plainly contains no order from any court requiring the disclosure of the requested materials. Rather, defendant disclosed the requested materials to plaintiff before the trial court had even considered the case. Therefore, pursuant to *Local Area Watch*, plaintiff's claim for punitive damages was plainly without merit and was properly disposed of by the trial court.

Affirmed.

/s/ Kathleen Jansen
/s/ William B. Murphy
/s/ Michael J. Riordan