*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GREGORY ALLEN BOSWELL,

UNPUBLISHED
May 7, 2020

Plaintiff-Appellant,

v

No. 351316
Court of Claims
LC No. 19-000124-MZ

DEPARTMENT OF STATE POLICE,

Defendant-Appellee.

Before: CAVANAGH, P.J., and SAWYER and RIORDAN, JJ.

PER CURIAM.

In this action brought pursuant to the Freedom of Information Act (FOIA), MCL 15.231 *et seq*., plaintiff, Gregory Allen Boswell, appeals by right the opinion and order of the Court of Claims granting summary disposition in favor of defendant under MCR 2.116(C)(7) (period of limitation bars a claim) and (C)(10) (no genuine issue of material fact). We affirm in part, vacate in part, and remand for the trial court to review the disputed documents *in camera* to determine whether they contain nonexempt material that should have been disclosed.

## I. PERTINENT FACTS

On April 3, 2017, plaintiff submitted a FOIA request to the Michigan State Police (MSP), in which he requested public records relating to his role as a confidential informant. On April 11, 2017, the MSP denied plaintiff's request and stated that the requested records did not exist. On April 20, 2017, plaintiff appealed the April 11, 2017 determination to the MSP Director, and in his appeal he provided additional information regarding his FOIA request. On May 8, 2018, the MSP upheld the denial, but included a responsive record, which was located after receiving the information plaintiff included in his appeal.

On October 1, 2018, plaintiff submitted a second FOIA request in which he requested public records relating to his role as a confidential informant for a specific operation and investigation. On October 23, 2018, the MSP granted plaintiff's request as to "existing, non-exempt records," provided plaintiff with a fee estimate to process the request, and charged a good-faith deposit. On February 12, 2019, defendant made its final determination and provided plaintiff with the nonexempt records and indicated that plaintiff's request had been denied in part because

-1-

four exemptions applied to his request. Defendant asserted that exemptions were proper under MCL 15.243(1)(a), the "privacy exemption," MCL 15.243(1)(b), the "investigating-records exemption," MCL 15.243(1)(d), which exempted LEIN information, and MCL 15.243(1)(w), which exempted the disclosure of Social Security numbers.

Plaintiff filed a lawsuit challenging this decision and arguing that defendant had violated the FOIA by wrongfully withholding public records . Defendant subsequently moved for summary disposition under MCR 2.116(C)(7), arguing that plaintiff's claims related to his 2017 FOIA request were time-barred, and MCR 2.116(C)(10), defending the partial denial of plaintiff's FOIA request. Plaintiff argued that defendant should be precluded from asserting the statute of limitations defense under the doctrine of equitable estoppel. Plaintiff also argued that summary disposition was improper because defendant had failed to meet its burden of proof on the asserted exemptions. Without reviewing the records, the trial court found that the partial denial of the FOIA request on the basis of the four asserted exceptions was valid and concluded that summary disposition was proper under MCR 2.116(C)(7) and (C)(10). Plaintiff now challenges the trial court's rulings and related findings.

## II. DISCUSSION

### A. STANDARD OF REVIEW

A trial court's ruling on a motion for summary disposition is reviewed de novo. *Arabo v Mich Gaming Control Bd*, 310 Mich App 370, 382; 872 NW2d 223 (2015). This Court's review is "limited to the evidence that had been presented to the circuit court at the time the motion was decided." *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 475-476; 776 NW2d 398 (2009).

"This Court reviews de novo whether the trial court properly interpreted and applied the FOIA." *Mich Open Carry, Inc v Dep't of State Police*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 348487); slip op at 3. The trial court's factual findings underlying its application of the FOIA are reviewed for clear error. *Id*. at ___; slip op at 3. "A finding is clearly erroneous if, after reviewing the entire record, this Court is left with a definite and firm conviction that a mistake was made." *Id*. at ___; slip op at 3.

This Court reviews a trial court's discretionary determinations for an abuse of discretion. *King v Mich State Police Dep't*, 303 Mich App 162, 175; 841 NW2d 914 (2013). "A trial court abuses its discretion when its decision falls outside the range of principled outcomes." *Id*. This Court reviews matters of statutory interpretation de novo. *Arabo*, 310 Mich App at 382. This Court reviews de novo the application of equitable doctrines. *Blackhawk Dev Corp v Village of Dexter*, 473 Mich 33, 40; 700 NW2d 364 (2005).

### B. ANALYSIS

### 1. SUMMARY DISPOSTION UNDER MCR 2.116(C)(7) WAS PROPER

Plaintiff argues that the trial court erred by granting summary disposition under MCR 2.116(C)(7) regarding his claims related to his 2017 FOIA request. We disagree.

"When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them." *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). "If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court." *Id*. at 429. "A court may grant summary disposition under MCR 2.116(C)(7) when a period of limitation bars a claim." *Prins v Mich State Police*, 291 Mich App 586, 589; 805 NW2d 619 (2011).

MCL 15.240(1) provides in pertinent part:

If a public body makes a final determination to deny all or a portion of a [FOIA] request, the requesting person may do 1 of the following at his or her option:

(a) Submit to the head of the public body a written appeal that specifically states the word "appeal" and identifies the reason or reasons for reversal of the denial.

(b) Commence a civil action in the circuit court, or if the decision of a state public body is at issue, the court of claims, to compel the public body's disclosure of the public records within 180 days after a public body's final determination to deny a request.

A public body's "final determination" is a "written notice denying a request for a public record in whole or in part[.]" MCL 15.235(3).

Defendant issued a final determination in response to plaintiff's 2017 FOIA request on May 8, 2017. Plaintiff failed to timely challenge defendant's decision with respect to his 2017 FOIA request because he did not file a complaint until August 6, 2019, which is more than 180 days after May 8, 2017.

Plaintiff argues that the court erred by granting summary disposition because defendant should have been precluded from asserting the statute of limitations defense under the doctrine of equitable estoppel.

Generally, to justify the application of estoppel, one must establish that there has been a false representation or concealment of material fact, coupled with an expectation that the other party will rely upon this conduct, and knowledge of the actual facts on the part of the representing or concealing party. [*Lothian v Detroit*, 414 Mich 160, 177; 324 NW2d 9 (1982).]

As the trial court noted, there was no evidence of false representation or concealment of a material fact by defendant regarding the 2017 FOIA request. Therefore, the trial court did not err by granting summary disposition under MCR 2.116(C)(7).

2. SUMMARY DISPOSITION UNDER MCR 2.116(C)(10) WAS IMPROPER

Plaintiff argues that the trial court erred by granting summary disposition in favor of defendant regarding his claims related to his 2018 FOIA request. We agree.

Summary disposition is appropriate under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Bennett v Russell*, 322 Mich App 638, 642; 913 NW2d 364 (2018) (quotation marks and citation omitted). When reviewing a motion under MCR 2.116(C)(10), this Court considers all the evidence submitted by the parties in the light most favorable to the nonmoving party and grants summary disposition only where the evidence fails to establish a genuine issue regarding any material fact. MCR 2.116(C)(10); MCR 2.116(G)(5).

> In presenting a motion for summary disposition, the moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence. The burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists. Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists. If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted. [*Quinto v Cross and Peters Co*, 451 Mich 358, 362-363; 547 NW2d 314 (1996) (citations omitted).]

The trial court concluded that the redacted information was justified under MCL 15.243(1)(a) without reviewing the redacted documents *in camera*. We conclude that the trial court should have reviewed the documents.

"The Legislature codified the FOIA to facilitate disclosure to the public of public records held by public bodies." *Herald Co, Inc v Eastern Mich Univ Bd of Regents*, 475 Mich 463, 472; 719 NW2d 19 (2006). "[T]he statutory exemptions must be narrowly construed to serve the policy of open access to public records." *Mich Open Carry, Inc*, ___ Mich App at ___; slip op at 6. When determining whether an exemption applies, the court should: (1) receive a complete particularized justification for the claimed exemption from the public agency, (2) conduct a de novo *in camera* hearing to determine whether the claimed exemption applies, or (3) consider allowing plaintiff's counsel access to the documents *in camera*. *Evening News Ass'n v Troy*, 417 Mich 481, 515-516; 339 NW2d 421 (1983).

The burden is on the public body to establish that the records are exempt. MCL 15.240(4). "[O]nly the circumstances known to the public body at the time of the request are relevant to whether an exemption precludes disclosure." *Practical Political Consulting v Secretary of State*, 287 Mich App 434, 458; 789 NW2d 178 (2010). "[T]he appropriate time to measure whether a public record is exempt under a particular FOIA exemption is the time when the public body asserts the exemption." *State News v Mich State Univ*, 481 Mich 692, 703; 753 NW2d 20 (2008). "When ruling whether an exemption under the FOIA prevents disclosure of particular documents, a trial court must make particularized findings of fact indicating why the claimed exemption is appropriate." *Messenger v Consumer & Indus Servs*, 238 Mich App 524, 532; 606 NW2d 38 (2000).

## a. PRIVACY EXEMPTION, MCL 15.243(1)(a)

Plaintiff argues that defendant failed to provide adequate justification for the nondisclosure of the redacted information under MCL 15.243(1)(a). We agree.

MCL 15.243(1)(a) allows a public body to exempt from disclosure "[i]nformation of a personal nature if public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy." This "privacy exemption" has two prongs that must be satisfied. *Mich Federation of Teachers & Sch Related Personnel, AFT, AFL-CIO v Univ of Mich*, 481 Mich 657, 675; 753 NW2d 28 (2008). "First, the information must be 'of a personal nature.' Second, it must be the case that the public disclosure of that information would constitute a clearly unwarranted invasion of an individual's privacy." *Id*. Intimate, embarrassing, private, or confidential information is "of a personal nature." *Id*. at 676. The second prong asks "whether disclosure of the information at issue would constitute a clearly unwarranted invasion of an individual's privacy." *Id*. at 682. "In making this determination, courts must balance the public interest in disclosure against the interest [the Legislature] intended the exemption to protect." *ESPN, Inc v Mich State Univ*, 311 Mich App 662, 669; 876 NW2d 593 (2015) (quotation marks and citation omitted; alteration in original). "[T]he only relevant public interest in disclosure to be weighed in this balance is the extent to which disclosure would serve the core purpose of the FOIA, which is contributing significantly to public understanding of *the operations or activities of the government*." *Id*. (quotation marks and citations omitted; alteration and emphasis in original). The invasion of privacy is "clearly unwarranted" when the interest in disclosure reveals "little or nothing about a governmental agency's conduct" or does not "further the stated public policy undergirding the Michigan FOIA." *Mich Federation of Teachers & Sch Related Personnel*, 481 Mich at 682.

The record provided insufficient facts from which the trial court could determine that the redacted information was exempt. The trial court, without reviewing the unredacted documents, concluded that the redacted information was of a "personal nature" because it contained private or confidential information and that the disclosure of the information at issue would constitute a clearly unwarranted invasion of an individual's privacy. However, the trial court found that the redacted information related to plaintiff and other individuals. While "[r]equests for information on private citizens accumulated in government files that reveal little to nothing about the inner working of government will fail this balancing test," *ESPN, Inc*, 311 Mich App at 669, "where the requested information pertains to the party making the request, it is unreasonable to refuse disclosure on the grounds of invasion of privacy," *Lepp v Cheboygan Area Sch*, 190 Mich App 726, 732; 476 NW2d 506 (1991). Additionally, although a person's name may be considered information of a "personal nature," "the relevant inquiry is whether the information associated with the name is information of a personal nature." *ESPN*, 311 Mich App at 666. Here, the trial court recognized that some of the redacted information related to plaintiff; however, it failed to review the records to determine whether the redactions included nonexempt information.

MCL 15.240(4) provides that a court "may view the public record in controversy in private before reaching a decision" as to whether the record is not exempt from disclosure; therefore, the FOIA does not require that a court conduct an *in camera* review of the exempted records. However, "[i]f the public body's statement cannot adequately provide de novo review, a trial court should conduct an in camera review of the requested documents." *Hyson v Dep't of Corrections*,

-5-

205 Mich App 422, 424; 521 NW2d 841 (1994). Because the trial court relied on defendant's assertions that the documents included redacted information regarding plaintiff and others, it abused its discretion when it failed to review the disputed records *in camera* to determine whether the redacted portions of the documents were of a "personal nature" within the meaning of MCL 15.243(1)(a).

Plaintiff also argues that the trial court abused its discretion when it failed to properly weigh the public's interest under the second prong of the privacy exemption because the court found that the only asserted interest in obtaining the records was to bolster plaintiff's credibility in hopes of advancing his career. We agree.

Plaintiff asserted that he requested the records to depict the operation and activities of the government in the "war against drugs." Therefore, the court clearly erred when it found that the *only* asserted interest in disclosing the information was to "bolster [plaintiff's] credentials in hopes of advancing his career." Additionally, because it was unclear whether all of the redacted information was of a "personal nature," the court erred by determining that disclosure of such information would "constitute a clearly unwarranted invasion of an individual's privacy." *Mich Federation of Teachers & Sch Related Personnel*, 481 Mich at 682.

Therefore, summary disposition was improper under MCR 2.116(C)(10) because the trial court erred when it concluded that defendant stated a legally sufficient reason for asserting the privacy exemption under MCL 15.243(1)(a). The trial court also abused its discretion when it failed to review the documents *in camera* to determine whether the redacted information was nonexempt material under MCL 15.243(1)(a).

### b. INVESTIGATING-RECORDS EXEMPTION, MCL 15.243(1)(b)

Plaintiff also argues that defendant failed to provide adequate justification for the redacted information under MCL 15.243(1)(b). To the extent that the redacted information is unrelated to plaintiff, we disagree.

MCL 15.243(1)(b) allows a public body to exempt from disclosure

[i]nvestigating records compiled for law enforcement purposes, but only to the extent that disclosure as a public record would do any of the following:

(*i*) Interfere with law enforcement proceedings.

(*ii*) Deprive a person of the right to a fair trial or impartial administrative adjudication.

(*iii*) Constitute an unwarranted invasion of personal privacy.

(*iv*) Disclose the identity of a confidential source, or if the record is compiled by a law enforcement agency in the course of a criminal investigation, disclose confidential information furnished only by a confidential source.

(*v*) Disclose law enforcement investigative techniques or procedures.

(*vi*) Endanger the life or physical safety of law enforcement personnel.

Defendant argued that the requested information would reveal the identity of a confidential source, disclose confidential information furnished only by a confidential source, and endanger the life or physical safety of law enforcement personnel. Plaintiff acknowledged that he requested information related to a specific operation from a confidential source and argued that he was the confidential informant; however, MSP asserted that it had no way of verifying plaintiff's identity and that disclosure of the confidential informant's identity posed a large risk to the confidential informant. The trial court concluded that defendant met its burden as to MCL 15.243(1)(b)(*iv*) and (*vi*). As indicated, "where the requested information pertains to the party making the request, it is unreasonable to refuse disclosure on the grounds of invasion of privacy." *Lepp*, 190 Mich App at 732. To the extent that the redacted information does not relate to plaintiff's identity as the confidential source, the trial court did not err when it determined that defendant stated a sufficient reason for asserting the investigating-records exemption and redacting the identity of a confidential source, confidential information furnished only by a confidential source, and names of law enforcement personnel. However, the trial court abused its discretion when it failed to review the documents *in camera* to determine whether all of the redacted information was nonexempt material under MCL 15.243(1)(a).

## c. LEIN RECORDS, MCL 15.243(1)(d)

Plaintiff also argues that the trial court erred by failing to review the LEIN records exempted under MCL 15.243(1)(d) and MCL 28.214. "LEIN information or records are specifically described as exempted from disclosure under MCL 28.214(5)." *Mich Open Carry, Inc*, ___ Mich App at ___; slip op at 7. Defendant stated that the records responsive to plaintiff's request contained LEIN information and that the LEIN information was redacted from the records. The trial court did not err when it found that defendant stated a legally sufficient reason for exempting LEIN information from the responsive records, and the court did not abuse its discretion when it did not review the documents *in camera* for this purpose. See *id*.

## d. THE TRIAL COURT DID NOT ERR WHEN IT RELIED ON THE AFFIDAVIT OF RENEE HULTBERG

Plaintiff argues that the court erred when it relied on the affidavit of Renee Hultberg, who was employed by MSP and responded to plaintiff's FOIA requests, and argues that summary disposition was improper because the truth of a material fact depended on Hultberg's credibility. We disagree.

The trial court was required to consider Hultberg's affidavit. MCR 2.116(G)(5) ("The affidavits, together with the pleadings, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties, must be considered by the court when the motion is based on subrule (C)(1)-(7) or (10)."). Plaintiff cites *Palazzola v Karmazin Prod Corp*, 223 Mich App 141, 155; 565 NW2d 868 (1997), to support his argument that the court erred by relying on Hultberg's affidavit; however, unlike in *Palazzola*, in the instant case there was no existing testimony that contradicted Hultberg's affidavit. *Id*. at 154-155. Therefore, plaintiff's argument has no merit.

e. THE TRIAL COURT DID NOT ERR WHEN IT FOUND THAT DEFENDANT'S RESPONSE TO PLAINTIFF'S 2018 FOIA REQUEST COMPLIED WITH FOIA

Plaintiff argues that the trial court erred when it found that defendant adequately responded to plaintiff's October 1, 2018 FOIA request. We disagree.

Although the trial court did not explicitly make a ruling on this issue, the court granted summary disposition in favor of defendant; therefore, it must have implicitly found that defendant had complied with the FOIA. A public body's failure to timely respond to a request as required by the FOIA constitutes a final determination to deny the request. MCL 15.235(3). "[A] final determination is not required until plaintiff has paid the deposit required by the [public body]." *Arabo*, 310 Mich App at 388. Here, defendant provided its final determination on February 12, 2019, after plaintiff paid the deposit. Therefore, the trial court did not err when it implicitly found that defendant's final determination complied with the FOIA.

f. DISCOVERY

Plaintiff also claims that summary disposition was improper because discovery was incomplete. We disagree.

"If a party opposes a motion for summary disposition on the ground that discovery is incomplete, the party must at least assert that a dispute does indeed exist and support that allegation by some independent evidence." *Bellows v Delaware McDonald's Corp*, 206 Mich App 555, 561; 522 NW2d 707 (1994). However, "there is no fair likelihood that further discovery would yield support for plaintiff's action" because the factual dispute related to the FOIA documents. *Liparoto Const, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 34; 772 NW2d 801 (2009). Nonetheless, summary disposition was improper for the reasons stated earlier.

g. DENIAL OF FOIA RECORDS AND UNRESPONSIVE RECORDS

Plaintiff argues that defendant violated the FOIA by denying him access to available public nonexempt records. Defendant asserted that it did not withhold any records in their entirety; rather, defendant indicated it redacted information from the responsive records, which was supported by Hultberg's affidavit. The court did not explicitly rule on this issue; however, plaintiff did not provide documentary evidence that other records existed. Therefore, the court did not clearly err when it implicitly found that defendant had provided all of the nonexempt records to plaintiff.

Next, plaintiff argues that the court erred when it found that defendant did not violate the FOIA when defendant provided two unrelated records in response to his request. Plaintiff failed to raise this issue below; therefore this issue is waived. *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008). Further, plaintiff provides no authority to support his assertion. See *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959) ("It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.").

Plaintiff also argues that the court erred by finding that his 2018 FOIA request provided more specific information than his 2017 FOIA request. A review of the record indicates that plaintiff's 2018 FOIA request included more specific information than the 2017 request; therefore, the trial court did not clearly err when it found this fact. Plaintiff also argues that the court erred when it suggested that plaintiff's 2017 FOIA request did not include sufficient information; however, as indicated, plaintiff's claims regarding the 2017 FOIA request are time-barred.

For the foregoing reasons, we affirm in part, vacate in part, and remand for the trial court to review the disputed records *in camera* to determine whether defendant's rationale for redacting the records under MCL 15.234(1)(a) and (1)(b) applied to all of the redacted material contained in the requested records and whether the records contained nonexempt material that should have been disclosed. The trial court should make this determination from the perspective of the time when defendant asserted the FOIA exemptions on February 12, 2019.

Affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs, neither party having prevailed in full.

/s/ Mark J. Cavanagh
/s/ David H. Sawyer
/s/ Michael J. Riordan